MARION F. EDWARDS, Judge.
 

 | gPIaintiffs/appellants, Jodie Mateu, wife of/and Luis M. Mateu Jr. (“Mateu”), appeal a summary judgment in favor of defendant/appellee, Travelers Property Casualty Company of America (“Travelers”), dismissing their claims with prejudice.
 

 Mateu filed suit for damages suffered as the result of a collision with a vehicle owned and operated by defendant/appel-lee, Macimino B. Diaz (“Diaz”). Made defendants were Diaz, Progressive Security Insurance Company (as the insurer of Diaz), along with State Farm Mutual Automobile Insurance Company (Mateu’s insurer), and Travelers as uninsured/underin-sured motorist carriers. At the time of the accident, Mateu was operating his own vehicle in the course and scope of his employment with Allfax Specialties Incorporated. Travelers was the automobile liability insurer of Allfax.
 

 
 *198
 
 | ..¡Travelers filed a Motion for Summary-Judgment, urging that its policy did not provide uninsured motorist (“UM”) coverage for Mateu.
 

 Mateu repaired and maintained copy machines and faxes for Allfax and averred that he was paid for his mileage and travel time. He argued that he was required to use his personal vehicle for business activities, and that he regularly did so. At the hearing on the motion, Mateu’s counsel stated that Allfax had told Mateu that he had full coverage while using it during business hours. Counsel also argued there was an “agreement” with Allfax to lease Mateu’s vehicle for work purposes.
 

 In granting summary judgment, the trial court found that, in the case of a lessor, the insurance policy requires an agreement to provide direct primary insurance for the lessor that was not present in the case.
 

 Interpretation of an insurance policy usually involves a legal question which can be resolved properly in the framework of a motion for summary judgment. The judicial responsibility in interpreting insurance contracts is to determine the parties’ common intent.
 
 [1]
 
 An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion.
 
 [2]
 
 Under the rule of strict construction, equivocal provisions seeking to narrow an insurer’s obligation are strictly construed against the insurer.
 

 That strict construction principle, however, is subject to exceptions.... One of these exceptions is that the strict construction rule applies only if the ambiguous policy provision is susceptible to two or more reasonable interpretations.... For the rule of strict construction to apply, the insurance policy must be not only susceptible |4to two or more interpretations, but each of the alternative interpretations must be reasonable....
 
 [3]
 

 While the insurer has the burden of proof of showing policy limits or exclusions, it is the insured who bears the burden of proving the existence of the policy and coverage.
 
 [4]
 
 When determining whether or not a policy affords coverage for an incident, it is the burden of the insured to prove the incident falls within the policy’s terms.
 
 [5]
 

 The policy was introduced into the record on the Motion for Summary Judgment. The Declarations page indicates by a “Covered Auto Symbol” that UM coverage only applied to those autos designated as “2.” The covered auto designation symbols were later described, in pertinent part: “2=OWNED ‘AUTOS’ ONLY. Only those ‘autos’ you own (and for Liability Coverage any ‘trailers’ you don’t own while attached to power units you own.) This includes those ‘autos’ you acquire ownership of after the policy begins.”
 

 Mateu’s vehicle was not owned by Allfax nor is it listed in the schedule of covered autos.
 

 The UM endorsement to the policy contains the following clause:
 

 
 *199
 
 BUSINESS AUTO COVERAGE FORM
 

 B. Who Is An Insured
 

 1. You.
 

 2. If you'are an individual, any “family member.”
 

 3. Anyone else “occupying” a covered “auto” or a temporary substitute for a covered “auto.” The covered “auto” must be out of service because of its breakdown, repair, servicing, loss or destruction.
 

 4. Anyone for damages he or she is entitled to recover because of “bodily injur/’ sustained by another “insured”.
 

 |R5. Anyone else “occupying” an “auto” you do not own and that is a covered “auto” under this coverage part for Liability Insurance and is licensed or principally garaged in Louisiana.
 

 Mateu argues that he was an insured under Section B5 because he was occupying a vehicle, not owned by his employer that was a “covered” auto under the liability portion of the policy which defines “covered auto” as “any auto.”
 

 In an earlier case, in construing UM policy language identical to the one at issue here, the Louisiana Supreme Court concluded that there was only one reasonable interpretation of “covered autos” in Section B5 and that is “specifically described autos.”
 
 [6]
 
 According to the policy, Mateu’s vehicle is not included in such designation. Further, as in
 
 Carrier,
 
 the UM endorsement contains the following exclusion: “C(4) ‘Bodily injury’ sustained by an ‘insured’ while ‘occupying’ or struck by any vehicle owned by that ‘insured’ that is not a covered ‘auto.’ ”
 

 Thus, even if Mateu qualified as an insured under B(5), under the facts of this case, the exclusion applies to him. Further, the Court stated in
 
 Carrier:
 

 [A]n interpretation of Section B5 to include, in the definition of an insured for UM coverage, any person (other than the named insured) occupying “any auto” (as “covered auto” is indicated in the liability section of the policy) is not a reasonable interpretation. It simply is not reasonable to ascribe to the contracting parties an intention to provide UM insurance worldwide to any person occupying any auto. Although it would be reasonable ... to limit UM coverage to employees driving their own vehicles in the scope of employment, the literal language of Section B5 ... does not do so and therefore leads to unreasonable and even absurd consequences.
 
 [7]
 

 As to Mateu’s argument that he had a “lease agreement” with Allfax, absolutely no evidence of any such agreement was offered at the hearing on the motion. Summary judgment cannot be defeated by mere argument. Argument of |ficounsel and briefs, no matter how artful, are not sufficient to raise a genuine issue of material fact.
 
 [8]
 
 A non-moving party must produce some evidence other than unsupported denials in the pleadings or argument of counsel in order to defeat a motion for summary judgment which is supported with evidence.
 
 [9]
 
 Therefore, this issue need be addressed no further.
 

 
 *200
 
 For the foregoing reasons, on
 
 de novo
 
 review, we conclude that Reliance was entitled to summary judgment as a matter of law. The judgment of the district court is affirmed.
 

 AFFIRMED.
 

 [1]
 

 .
 
 Huggins v. Gerty Lane Enter., Inc.,
 
 06-2816 (La.5/22/07), 957 So.2d 127, 129 (quoting
 
 Bonin v. Westport Ins. Corp.,
 
 05-886 (La.5/17/06), 930 So.2d 906, 910-11).
 

 [2]
 

 .
 
 Id.
 

 [3]
 

 .
 
 Id.
 

 [4]
 

 .
 
 Sauer v. Nat’l Car Rental System, Inc.,
 
 07-844 (La.App. 5 Cir. 4/15/08), 980 So.2d 898,
 
 writ denied,
 
 08-1235 (La.9/19/08), 992 So.2d 935.
 

 [5]
 

 .
 
 Id.
 

 [6]
 

 .
 
 Carrier v. Reliance Ins. Co.,
 
 99-2573 (La.4/11/00), 759 So.2d 37.
 

 [7]
 

 .
 
 Id.
 
 at 44.
 

 [8]
 

 .
 
 Haney v. Davis,
 
 04-1716 (La.App. 4 Cir. 1/19/06), 925 So.2d 591,
 
 writ denied,
 
 06-0413 (La.4/28/06) 927 So.2d 293.
 

 [9]
 

 . Tippett
 
 v.
 
 Padre Refining Co.,
 
 34, 140 (La.App. 2 Cir. 11/15/00), 771 So.2d 300,
 
 writ denied,
 
 00-3443 (La.4/12/01), 789 So.2d 589.
 
 Also see, Cox Cable New Orleans, Inc. v. City of New Orleans,
 
 94-2102 (La.App. 4 Cir. 11/16/95), 664 So.2d 742,
 
 on reh’g in part, writ denied,
 
 96-0203 (La.02/28/96), 668 So.2d
 
 *200
 
 364,
 
 writ denied,
 
 95-3032 (La.02/28/96), 668 So.2d 365.