STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 10-1389


ANN NEWMAN

VERSUS

STATE FARM MUTUAL AUTO INSURANCE COMPANY, ET AL.


**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. C-2008-0311
HONORABLE HERMAN I. STEWART, JR., DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of John D. Saunders, Billy Howard Ezell, and James T. Genovese, Judges.

**AFFIRMED.**

**Douglas Kent Williams**
**Breazeale, Sachse & Wilson, L.L.P.**
**P. O. Box 3197**
**Baton Rouge, LA 70821-3197**
**(225) 387-4000**
**Counsel for Defendant/Appellee:**
**Clarendon America Insurance Company**

**Joseph Payne Williams, Sr.**
**Williams Family Law Firm, LLC**
**Post Office Box 15**
**Natchitoches, LA 71458-0015**
**(318) 352-6695**
**Counsel for Plaintiff/Appellant:**
**Ann Newman**

**Robert Stuart Wright**
**P.O. Box 1156**
**Natchitoches, LA 71458-1156**
**(318) 352-9950**
**Counsel for Plaintiff/Appellant:**
**Ann Newman**

**Thomas Patrick LeBlanc**
**Loftin, Cain, & LeBlanc**
**113 Dr. Michael DeBakey Drive**
**Lake Charles, La 70601**
**(337) 310-4300**
**Counsel for Defendant/Appellee:**
**Clarendon America Insurance Company**

**Michael J. Williamson**
**Plauche, Smith & Nieset**
**P. O. Drawer 1705**
**Lake Charles, LA 70602**
**(337) 436-0522**
**Counsel for Defendant/Appellee:**
**State Farm Mutual Auto Insurance Company**

**EZELL, JUDGE.**

Ann Newman appeals the decision of the trial court granting Clarendon American Insurance Company's (Claredon) motion for summary judgment and dismissing her claims against it. For the following reasons, we affirm the decision of the trial court.

Leslie Roshong owns Arrow Mobile Home Movers (Arrow). On June 30, 2007, Arrow was moving a double-wide mobile home from DeRidder, Louisiana to Vinton, Louisiana. Mr. Roshong's son was driving the truck actually moving the home, while Mr. Roshong drove his personal 2006 Dodge Ram truck to Lowe's Hardware in Leesville, Louisiana, to purchase materials to set up the mobile home. While driving from Leesville to Vinton with the supplies, Mr. Roshong rear-ended Ms. Newman, injuring her. At no time during the trip did Mr. Roshong ever leave the state of Louisiana.

Ms. Newman filed suit against Mr. Roshong and State Farm Mutual Auto Insurance Company, the insurer of Mr. Roshong's personal vehicle. She then amended her claim to add Clarendon, who provided automotive liability insurance for Arrow. Clarendon filed a motion for summary judgment, claiming that it did not provide coverage for Mr. Roshong's personal vehicle or for the accident in question. The trial court below agreed, granting Clarendon's motion for summary judgment and dismissing Ms. Newman's claims against them. From that decision, Ms. Newman appeals.

On appeal, Ms. Newman asserts three assignments of error: that the trial court erred in finding the relevant Clarendon policy did not provide coverage for this accident; in ruling that coverage was not provided because Mr. Roshong did not travel across state lines; and in ruling that the Roshongs' business was not a

1

partnership. Because the first and second assignments of error are so directly related, we will address them together as one.

Louisiana Code of Civil Procedure Article 966(B) provides that summary judgment shall be granted where the pleadings, depositions, answers to interrogatories, admissions on file and affidavits show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. The Louisiana Supreme Court discussed the standard applicable to appellate review of summary judgments involving insurance contracts in *Robinson v. Heard*, 01-1697, pp. 3-4 (La. 2/26/02), 809 So.2d 943, 945:

> A reviewing court examines summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Smith v. Our Lady of the Lake Hospital, Inc.*, 93-2512 (La.7/5/94), 639 So.2d 730, 750. A reviewing court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. *Smith*, 639 So.2d at 750.

> Interpretation of an insurance contract is usually a legal question that can be properly resolved in the framework of a motion for summary judgment. *Sanchez v. Callegan*, 99-0137 (La.App. 1 Cir. 2/18/00), 753 So.2d 403, 405. When the language of an insurance policy is clear and unambiguous, a reasonable interpretation consistent with the obvious meaning and intent of the policy must be given. *Sanchez*, 753 So.2d at 405.

Ms. Newman first claims that the trial court incorrectly interpreted the policy at issue as requiring Mr. Roshong to cross state lines, *i.e.*, to be in interstate commerce, for the policy to provide coverage for the vehicle he was driving at the time of the accident in question. Ms. Newman claims two endorsements attached to the policy provided coverage for Mr. Roshong's personal vehicle, the federally required policy endorsements B.M.C. 90 and MCS-90. We disagree.

Ms. Newman primarily claims that the trial court erred in its interpretation of the B.M.C. 90 endorsement, arguing that the endorsement allows coverage for

vehicles not specifically described in the policy and that it allows coverage for vehicles in intrastate commerce as well as in interstate commerce. The provision provides (emphasis ours):

> In consideration of the premium stated in the policy to which this endorsement is attached, the company agrees to pay, within the limits of liability prescribed herein, any final judgment recovered against the insured for bodily injury to or death of any person, or loss of or damage to property of others (excluding injury to or death of the insured's employees while engaged in the course of their employment, and property transported by the insured, designated as cargo), resulting from negligence in the operation, maintenance, or use **of motor vehicles under certificate or permit issued to the insured by the Interstate Commerce Commission, or otherwise in interstate or foreign commerce** subject to Subchapter II, Chapter 105, Subtitle IV of Title 49 of the United States Code, regardless of whether or not such motor vehicles are specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized by the Interstate Commerce Commission to be served by the insured or elsewhere.

The clear and unambiguous language of the endorsement requires that for a vehicle to be covered, it must have a certificate or permit issued by the ICC or the vehicle must be used in interstate commerce. Mrs. Roshong testified in deposition that, while there were ICC permits for the vehicles owned by the business (the trucks actually used to move the mobile home), there was no permit obtained for Mr. Roshong's personal vehicle. Moreover, the moving job, as well as Mr. Roshong's related actions the day of the accident, were based entirely in the state of Louisiana. Because Mr. Roshong's personal vehicle was neither certified under the ICC nor in interstate or foreign commerce, it is obvious that coverage is not extended to that vehicle under the plain terms of the B.M.C. 90 endorsement.

Ms. Newman also makes a blanket assertion that the trial court erred in finding that the MCS-90 endorsement also required Mr. Roshong to be operating in interstate commerce in order for coverage to be provided, but she makes no real legal argument to support that claim. However, out of an abundance of caution, we will address that

3

claim as well. As recently noted in *Pace v. Travelers Indemnity Co. of America*, ___F.3d___, ___ (E.D.La. 2010)(emphasis added):

> The MCS-90 is a federally mandated policy endorsement, the purpose of which is to assure motor carriers' compliance with federal minimum levels of financial responsibility. *Canal Ins. Co. v. Coleman,* 2010 WL4276074, at *2 (5th Cir. Nov. 1, 2010) (citing 49 C.F.R. § 387.15 illus. 1). The endorsement is required to be attached to any liability policy issued to for-hire motor carriers operating motor vehicles transporting property in interstate commerce. *Id*. (citing 49 C.F.R. §§ 387.3, 387.7). The endorsement operates to create a suretyship, obligating the insurer to pay certain judgments against the insured arising from interstate commerce activities, even though the insurance contract would have otherwise excluded coverage. *Id*. (citing *Minter v. Great Am. Ins. Co. of N.Y.*, 423 F.3d 460, 470 (5th Cir.2005)). Whether the endorsement covers an accident is a question of federal law. *Id.* at *3 (citing *Lincoln Gen. Ins. Co. v. Garcia*, 501 F.3d 436, 439 (5th Cir.2007)).

> . . . [In *Coleman, supra,* the] Court began its opinion by analyzing the plain text of the MCS-90 and the statute it effectuates, § 30 of the Motor Carrier Act of 1980. *Id.* at *3-*4 (*see* 49 C.F.R. § 387.15 illus. 1; 49 U.S.C. § 31139(b)). In so doing, the Court concluded that "the endorsement covers vehicles only when they are *presently* engaged in the transportation of property in interstate commerce." *Id.* at *4 (emphasis added). The Court additionally noted that the majority of courts have agreed with its "trip-specific" approach to determining the applicability of the MCS-90 endorsement, by finding the relevant question in these cases to be whether the accident occurred while the insured vehicle was transporting property in interstate commerce. *Id.* at *5, *8 [citations omitted].

> It is undisputed that at the time of the accident in question, Schnyder was driving the Southern vehicle from Southern's facility in Metairie to his place of business in Chalmette to perform decal work and other repairs on the vehicle. . . . Plaintiffs do not contend that the vehicle was operating in **interstate** commerce, but instead argue that there is no **interstate** requirement to the applicability of the **MCS-90** endorsement, as the endorsement applies even in accidents that occur during a wholly **intrastate** trip. . . . In light of the Fifth Circuit's decision and reasoning in *Coleman,* this argument must be rejected. As the vehicle in question was not engaged in interstate commerce at the time of the accident, the MCS-90 endorsement does not apply. . .

Here, Mr. Roshong was not using his personal vehicle in a for-hire capacity, as he was hauling materials he had personally purchased to set up the mobile home

his company's truck was moving. Moreover, the entire trip engaged by Mr. Roshong was within the state of Louisiana, with no reason for or intention of leaving the state. Accordingly, Mr. Roshong was not transporting property in interstate commerce, and, therefore, Ms. Newman's assertion that the MCS-90 endorsement applies to this accident must be rejected under *Pace*.

In light of our above findings, there is no genuine issue of material fact as to coverage under the Clarendon policy, as under the clear language of the policy, neither the B.M.C. 90 nor the MCS-90 provision provides coverage for the accident at issue. These assignments of error are devoid of merit, and the trial court committed no error in its interpretation of the Clarendon policy.

Ms. Newman next claims that the trial court erred in ruling that the Roshong's community-owned business could not be a partnership. Ms. Newman claims that the accident vehicle was owned by a partner in the business, allowing coverage under the non-owned vehicles provision of the Clarendon policy. There is no evidence whatsoever in the record before this court to indicate that the business was in any way, shape, or form a partnership. Rather, every bit of evidence indicates to the contrary. Both Mr. and Mrs. Roshong testified that Arrow Mobile Home Movers was a sole proprietorship and was not a partnership or incorporated in any way. This is uncontradicted. Moreover, the Clarendon insurance policy disputed in this suit explicitly shows that the policy was written for "Arrow Mobile Home Movers Leslie Roshong DBA." The form of business described in the policy is "individual," rather than a partnership. Essentially, Ms. Newman wants this court to find that a vehicle owned by Leslie Roshong is a non-owned vehicle under a policy written to and for the individual Leslie Roshong d/b/a Arrow Mobile Home Movers. We refuse to do

5

so.  The trial court committed no error in granting Clarendon's motion for summary judgment.

For the above reasons, the ruling of the trial court is hereby affirmed. Costs of this appeal are assessed against Ms. Newman.

**AFFIRMED.**