# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 14-25

CHRISTINE TRUMPS

VERSUS

USAGENCIES CASUALTY
INSURANCE COMPANY, ET AL.

************

**APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, DOCKET NO. 12-C-5489-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE**

************

**JAMES T. GENOVESE
JUDGE**

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, James T. Genovese, and John E. Conery, Judges.

**AFFIRMED.**

**Sherman Stanford**
**Post Office Box 1237**
**535 South Court Street**
**Opelousas, Louisiana 70571-1237**
**(337) 948-4113**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
       **Christine Trumps**

**Anthony M. Butler**
**Christina R. Valdes**
**Law Office of William H. Justice**
**5420 Corporate Blvd., Suite 103**
**Baton Rouge, Louisiana 70808**
**(225) 926-1810**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**USAgencies Casualty Insurance Company, Inc.**

**Dewey Wayne Salter**
**221 Monarch Road**
**Eunice, Louisiana 70535**
**In Proper Person**

**GENOVESE, Judge.**

In this personal injury case, Plaintiff, Christine Trumps, appeals the judgment of the trial court granting summary judgment in favor of Defendant, USAgencies Casualty Insurance Company, Inc. (USAgencies), finding that the policy of liability insurance issued to its insured, Defendant, Dewey Wayne Salter, did not provide coverage for the accident at issue. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

The present lawsuit arises out of an automobile accident that occurred on April 28, 2012, when Ms. Trumps was a passenger in a vehicle operated by Mr. Salter. The accident occurred when Mr. Salter was fleeing from law enforcement officers, and his vehicle left the roadway and came to a stop after colliding with a private residence. To recover for the personal injuries she allegedly sustained in the accident, Ms. Trumps filed suit against Mr. Salter and his liability insurer, USAgencies.

USAgencies filed a Motion for Summary Judgment on the issue of coverage, contending that there was no genuine issue of material fact because the policy did not provide coverage for Ms. Trumps' damages due to an exclusion in the policy for injuries caused by a person while engaged in the commission of a crime. USAgencies asserted that because of the exclusion in its policy, it had no potential liability to Ms. Trumps; thus, it was entitled to judgment as a matter of law. Following a hearing, the trial court granted USAgencies' Motion for Summary Judgment. Ms. Trumps appeals.

## ASSIGNMENTS OF ERROR

Ms. Trumps assigns as error the trial court's "reliance upon the stated case law" and its "manifestly erroneous . . . treatment of the record" in granting USAgencies' Motion for Summary Judgment.

## LAW AND DISCUSSION

The appropriate standard of review to be applied by an appellate court relative to a motion for summary judgment has been stated as follows:

> A reviewing court examines summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Smith v. Our Lady of the Lake Hospital, Inc.*, 93-2512 (La.7/5/94), 639 So.2d 730, 750. A reviewing court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. *Smith*, 639 So.2d at 750.
>
> Interpretation of an insurance contract is usually a legal question that can be properly resolved in the framework of a motion for summary judgment. *Sanchez v. Callegan*, 99-0137 (La.App. 1 Cir. 2/18/00), 753 So.2d 403, 405. When the language of an insurance policy is clear and unambiguous, a reasonable interpretation consistent with the obvious meaning and intent of the policy must be given. *Sanchez*, 753 So.2d at 405.

*Newman v. State Farm Mut. Auto Ins. Co.*, 10-1389, p. 2 (La.App. 3 Cir. 4/6/11), 62 So.3d 808, 810 (quoting *Robinson v. Heard*, 01-1697, pp. 3-4 (La. 2/26/02), 809 So.2d 943, 945).

The instant matter involves the applicability of an exclusion contained within the policy issued by USAgencies to Mr. Salter that excludes coverage for "**[b]odily injury or property damage** caused by any **covered person** while engaged in the commission of a **crime**." Additionally, "**[c]rime**" is defined within the policy as "any felony or any action to flee from, evade or avoid arrest or detection by the police or other law enforcement agency."

2

USAgencies filed its Motion for Summary Judgment on the issue of coverage on the grounds that Mr. Salter, in fleeing from law enforcement, was involved in the commission of a crime; thus, there existed no coverage under the policy for Ms. Trumps' alleged injuries. The trial court agreed and granted USAgencies' motion.

Ms. Trumps contends that the trial court's grant of summary judgment was erroneous due to "an overly broad usage of case law combined with an error of fact." She first argues that nearly every accident is the result of some form of a crime; therefore, such an exclusion is against public policy. We disagree.

The USAgencies policy expressly defines which crimes, if committed, will result in the exclusion of coverage. "[I]nsurance companies have the right to limit coverage in any manner they desire, so long as the limitations do not conflict with statutory provisions or public policy." *McDaniel v. Carencro Lions Club*, 05-1013, p. 30 (La.App. 3 Cir. 7/12/06), 934 So.2d 945, 969, *writ denied*, 06-1998 (La. 11/3/06), 940 So.2d 671. Ms. Trumps has failed to identify any statute or jurisprudence in support of her contention that the USAgencies policy exclusion violates public policy, and this court is unaware of any. Notably, the policy clearly defines and limits those crimes for which coverage will be excluded. It is undisputed that Mr. Salter was fleeing from law enforcement at the time of the accident in question. Therefore, the action of Mr. Salter fits squarely within that definition and the exclusion. We agree with the trial court and do not find the USAgencies policy exclusion to be violative of public policy.

Ms. Trumps further argues that the trial court failed to distinguish between "claims made by the insured as opposed to claims made by the general public[.]" Citing *Upshaw v. Great American Indemnity Co.*, 112 So.2d 125 (La.App. 2 Cir. 1959), she argues "that exclusions that would affect the general public [are] to be

held to a different standard than when the claimant [is] the insured." Ms. Trumps concludes that she "was a member of the general public with respect to the actions of the insured. Accordingly, the standard of *Upshaw* should have been applied." We disagree.

Although Ms. Trumps cites *Upshaw* for the proposition that a different standard should have been applied by the trial court when considering the applicability of USAgencies' policy exclusion, we find no merit to this contention. *Upshaw* is readily distinguishable in both its facts and the issues before the court. Although *Upshaw* was a suit brought by a guest passenger, the issue before the second circuit was a defense of contributory negligence raised by the driver's liability insurer. The second circuit, considering the facts, found that the insurer's "plea of contributory negligence was properly rejected by the trial court" following a trial on the merits. *Id*. at 132. Unlike the case at bar, *Upshaw* did not involve the application of a policy exclusion raised by the insurer on the issue of coverage via a motion for summary judgment. For these reasons, *Upshaw* is neither controlling nor persuasive in the matter presently before us.

Finally, as a factual matter, Ms. Trumps disputes the trial court's finding as to her willingness to participate in the crime. She argues that "[t]he record unequivocally shows that [she] was not a willing participant of the flight from police, and as such is a *victim* of the actions of the insured" rather than "an accomplice." Ms. Trumps, therefore, characterizes the holding of the trial court as permitting her to "be imputed with the insured's activity because of her consent" based upon this erroneous factual determination. While there is sufficient evidence in the record to support the trial court's factual finding, Ms. Trumps' willingness or unwillingness to participate in the crime is irrelevant to the coverage determination in this case. We agree with USAgencies that "[t]he issue of whether Ms. Trumps'

4

presence in the vehicle was voluntary or involuntary is not relevant to whether the exclusion in the USAgencies policy violates public policy."

For the foregoing reasons, we find that there is no genuine issue of material fact relative to coverage under the USAgencies liability policy and that USAgencies is entitled to summary judgment as a matter of law. Pursuant to the exclusionary language contained therein, there exists no coverage for the claims asserted by Christine Trumps since the accident giving rise to her injuries occurred during the commission of a crime as defined within the policy.

## **DECREE**

For the reasons assigned, we affirm the trial court's grant of summary judgment in favor of USAgencies Casualty Insurance Company, Inc. Costs of this appeal are assessed to Christine Trumps.

**AFFIRMED.**