STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CW 23-165


DAMIEN HARRIS

VERSUS

SAFEWAY INSURANCE COMPANY OF LOUSIANA
AND JUSTIN ROSSETTE


**********

ON APPLICATION FOR SUPERVISORY WRITS FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 108063
HONORABLE THOMAS JAMES FREDERICK, DISTRICT JUDGE

**********

LEDRICKA J. THIERRY
JUDGE

**********

Court composed of Ledricka J. Thierry, Guy E. Bradberry, and Wilbur L. Stiles, Judges.


WRIT GRANTED; REVERSED; AND RENDERED.


Scott Anthony Dartez
P.O. Box 116
8907A Maurice Avenue
Maurice, LA 70555
(337) 893-2797
COUNSEL FOR PLAINTIFF-RESPONDANT:
    Damien Harris

**Tracy L. Oakley**
**400 E. Kaliste Saloom Road, Suite 2300**
**Lafeyette, LA  70508**
**(877) 323-8040**
**COUNSEL FOR DEFENDANT- APPLICANT:**
   **Safeway Insurance Company of Louisiana**


**Byron Andrew Richie**
**Richie, Richie & Oberle**
**1800 Creswell Avenue**
**Shreveport, LA 71134**
**(318) 222-8305**
**COUNSEL FOR DEFENDANT-RESPONDANT:**
   **Justin Rossette**

**THIERRY, Judge.**

Defendant, Safeway Insurance Company, seeks supervisory writs from the judgment of the lower court which denied its motion for summary judgment.

**FACTS AND PROCEDURAL HISTORY**

The operative facts of this case arise out of a motor vehicle accident which occurred on April 10, 2019, at the intersection of LA Highway 14, Veterans Memorial Drive and Alphonse Street, in Abbeville, Louisiana. At the time of the accident, Plaintiff, Damien Harris, was a passenger in a 2009 Toyota Camry being driven by Defendant, Justin Rossette. The Camry was owned by Natalie A. Washington and covered by an automobile insurance policy issued by Safeway. Before the collision occurred, officers from the Abbeville Police Department were in pursuit of Rossette for a traffic violation at the intersection of North Bailey Street and Charity Street. Sirens and lights on the police cars were activated and the facts establish this was a high-speed pursuit. Rossette was traveling north on Alphonse Street at the intersection of LA Highway 14 and Veterans Memorial Drive. Aaron T. Durke, driver of the other vehicle, was traveling west on LA Highway 14 and Veterans Memorial Drive in a 2014 Ford F250. It is alleged that Rossette ignored a stop sign at the intersection of Alphonse Street and Veterans Memorial Drive and collided with the vehicle being driven by Aaron T. Durke. Rossette was arrested for aggravated flight from an officer and possession of narcotics at the scene of the accident.

Plaintiff sustained multiple injuries, including a cervical fracture. Safeway denied coverage based on a policy exclusion clause included in their standard contracts for criminal act. The policy exclusion clause in question is set forth as follows:

Exclusions. This policy does not apply under Part I:

b) to bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person. This exclusion applies even if:

> 1) such insured person lacks the mental capacity to govern his or her own conduct.
> 2) such bodily injury or property damage is of a different kind or degree than intended or reasonably expected. This exclusion applies regardless of whether or not such insured person is actually charged with, or convicted of a crime.
> . . .

m) to bodily injury or property damage arising out of the ownership, maintenance or use of any automobile while being operated or used in the preparation to commit a crime, commission of a crime, and/or flight from a crime, other than a traffic violation, regardless of whether or not such insured person is actually charged with, or convicted of a crime.

Following the denial of coverage, Plaintiff filed suit against Safeway and Rossette in the fifteenth judicial district court for damages arising from the motor vehicle accident. Plaintiff and Safeway filed cross motions for summary judgment on the coverage issues. Both motions were denied. The trial court gave the following reasons for denying Safeway's motion for summary judgment:

> At least in this case, we have some innuendo that Mr. Rossette had withdrawn from the flight and that he was trying to pull over to stop. I don't know if that's the case. If I was convinced that was the case, I'd be granting a summary judgment for the plaintiff.
> But I think without more information or more testimony as to what happened, the court is going to deny both motions for summary judgment on the issue of the criminal conduct exclusion.

Safeway sought review of the denial of its motion for summary judgment. This court called up the writ and gave each party the right to file additional briefs and request oral argument.

## ANALYSIS

Safeway argues there are no disputed issues of fact regarding whether, at the time of the collision, Rossette was engaged in and/or committing several criminal acts. In support of its position, Safeway cites *Trumps v. USAgencies Cas. Ins. Co.*,

14- 25, p. 3 ( La.App. 3 Cir. 5/17/ 14), 139 So.3d 643, 645 (alterations in original), where the court held that a policy exclusion for "**[b]odily injury or property damage** caused by any **covered person** while engaged in the commission of a **crime**" applied where the insured was fleeing from law enforcement officers and his vehicle left the road and came to a stop after colliding with a house.

In the instant case, Safeway notes that before the collision occurred, Rossette had been chased by numerous police cars for several blocks through parts of Abbeville. Safeway also notes that Rossette disregarded several stop signs, was speeding excessively, and the specific cause of the collision was Rossette ignoring another stop sign at the intersection of Alphonse Street and Veterans Memorial Drive. Therefore, Safeway argues Rossette was in the commission of a crime under La.R.S. 14:108.1, which states, in pertinent part:

> A. No driver of a motor vehicle or operator of a watercraft shall intentionally refuse to bring a vehicle or watercraft to a stop knowing that he has been given a visual and audible signal to stop by a police officer when the officer has reasonable grounds to believe that the driver has committed an offense. The signal shall be given by an emergency light and a siren on a vehicle marked as a police vehicle or marked police watercraft.

Safeway notes that Rossette had been given a visual and audible signal to stop by a police officer according to the testimony of Officer Elliot Leleux, who said he initiated the stop that led to the pursuit with lights and sirens. Safeway argues the officer has reasonable grounds to believe that the driver committed an offense, because Officer Leleux initiated the stop of Rossette based on a broken windshield, a traffic violation. Thus, Safeway maintains Rossette was engaged in the commission of a crime, flight from an officer, when he collided with the vehicle of Durke and any bodily injury or property damage arising from that collision is not covered by Safeway under the plain wording of the policy exclusion.

3

Plaintiff counters that Rossette was not engaging in a criminal act in the moments right before the collision. Plaintiff supports his argument by stating that *Trumps*, 139 So.3d 643, is factually different because the instant case involved Rossette slowing his vehicle in an attempt to avoid the accident. Plaintiff notes that the testimony of Officer Leleux indicated Rossette slowed his vehicle at the stop sign at the intersection of Alphonse Street and Veterans Memorial Drive. Plaintiff further asserts that Officer Leleux testified that Rosette maneuvered left and tried to revert towards the right in an effort to avoid the impact of the accident. Plaintiff also relies on his own testimony stating that Rossette told him he was attempting to cross Alfonse Street to get towards an empty field and park where it was well lit with cameras before he would pull over. Plaintiff argues that because of the statements made by Officer Leleux and Plaintiff's testimony, it is clear that Rossette made every effort to avoid this accident from happening. Plaintiff further argues that Rossette was not engaged in the commission of a crime because he had intentions of stopping when he was at the field near the intersection of Alphonse Street and Veterans Memorial Drive. Therefore, Plaintiff asserts that Rossette was not engaged in the commission of a crime when the accident occurred, and the policy exclusion does not apply.

Safeway argues that the reason Rossette committed the crime of flight from an officer is irrelevant to the question of whether he was engaged in the commission of a crime. Safeway cites this court's case in *Charles v. Safeway Ins. Co. of Louisiana*, 18-740 (La.App. 3 Cir. 5/15/19), 272 So.3d 970, wherein we held that a policy exclusion for criminal acts applied where the insured intentionally fled from an officer in violation of La.R.S. 14:108.1. This court in *Charles* did not consider the reason the insured committed the crime, stating that "the reason Mr. Bernard committed the crime is irrelevant to the question of whether he committed a crime."

4

Safeway further argues that Rossette had ample time and numerous opportunities to stop prior to the collision, but chose not to do so.

Plaintiff disagrees with Safeway's reliance on *Charles*, arguing it is factually dissimilar to the instant case because the insured ran into a house and did not attempt to avoid the accident. Plaintiff maintains the *Charles* court did not mention that the insured slowed his vehicle or attempted to swerve/veer to avoid the impact of an accident. Plaintiff argues that Rossette made every effort to avoid the accident to park his vehicle under the well-lit area with cameras across the street from the intersection where the collision occurred. Safeway counters that it was daylight during the chase and Rossette's reasoning for wanting to stop in a well-lit area simply is implausible, as well as irrelevant to the question of whether he was engaged in the commission of a crime at the time of the accident.

We find persuasive the case of *Safeway Ins. Co. of La. v. Gardner*, 15-696 (La.App. 5 Cir. 4/27/16), 191 So.3d 684, which also involved a coverage issue under an automobile liability policy. The defendant driver Gardner was operating a vehicle, and the police were following him. The police suspected that the vehicle Gardner was driving recently had been stolen. After witnessing Gardner commit several traffic violations, the police activated their sirens. Gardner attempted to flee. During his flight, Gardner collided with multiple other vehicles. Gardner was charged with various crimes arising out of the incident. Individuals involved in the collisions filed suit against, among others, Safeway, in its capacity as Gardner's liability insurer. In response, Safeway invoked its policy exclusions for intentional and criminal acts. The trial court found that the policy exclusions were inapplicable, reasoning that the accident was due to the police officers observing multiple traffic violations. Reversing, the appellate court found the exclusions applicable, reasoning that "[Gardner] attempted to make his escape by forcing his way through congested

5

rush-hour traffic, colliding with at least six vehicles and forcing others off the road" and concluded the flight from police "was a crime" pursuant to La.R.S. 14:108.1. *Id.* at 689. The fifth circuit in *Gardner*, 191 So.3d at 688, found the exclusions for criminal acts applied, but also found the exclusions did not violate public policy, stating:

> Although coverage exclusions generally do not comport with the policy of granting protection for injured persons, the exclusions here serve a separate public policy interest of prohibiting persons from insuring themselves against their own intentional or criminal acts. Withholding insurance coverage for intentional or criminal acts helps to disincentivize such conduct, which in turn serves the purpose of eliminating reckless and irresponsible drivers from the highways. *See Breland v. Schilling*, 550 So.2d 609, 610 (La. 1989) ("The exclusion is designed to prevent an insured from acting wrongfully with the security of knowing that his insurance company will pay the piper for the damages."); *Goldsmith v. Green*, 45,532 (La.App. 2 Cir. 9/1/10), 47 So.3d 637, 641 (recognizing the strong public policy of preventing wrongdoers from indemnifying themselves against their own intentional criminal acts); *Young* [*v. Brown*, 27,018 (La.App. 2 Cir. 6/21/95), 658 So.2d 750,] 753 ("The purpose of the exclusion is a recognition of a long-standing public policy against insuring illegal activities and thus, promoting their commission."). For these reasons, we find the crime exclusion does not violate public policy.

This court in *Charles*, 272 So.3d 970, cited with approval the fifth circuit's reasoning in *Gardner*. In *Charles*, 272 So.3d at 978, we noted "there was no indication that Mr. Bernard [the fleeing driver] intended to collide with, or veer into, Mr. Charles's vehicle." Despite finding Mr. Bernard had no intention to collide with the vehicle, this court concluded:

> As in [*Gardner*], the undisputed facts show that Mr. Bernard ran into Mr. Charles's vehicle while intentionally fleeing from an officer in violation of La.R.S. 14:108.1, which is a crime. While Mr. Charles tries to distinguish [*Gardner*] because Mr. Bernard's underlying *reason* for fleeing from the officer was to avoid a traffic violation, we find that the reason Mr. Bernard committed the crime (i.e. flight from an officer) is irrelevant to the question of *whether* he committed a crime. The policy is clear that damages arising out of the use of an automobile while that automobile is being used to commit a crime, other than a traffic violation, are excluded from coverage.

*Id.* at 979 (emphasis in original).

6

The trial court seemed to find it compelling that Rossette's actions in the moments prior to the accident may have indicated a desire to avoid the accident, and this should somehow indicate he was not engaged in a criminal act in the moments immediately prior to the collision. Whether Rossette was contemplating discontinuing the flight from police as the trial court implied, the facts are clear that the accident occurred immediately after he again ran through a stop sign and collided with Mr. Durke. Thus, there is no question of fact that Rossette ran into Mr. Durke's vehicle while intentionally fleeing from a police officer, which is a crime under La.R.S. 14:108.1. The Safeway policy in this case clearly provides that damages arising out of the use of an automobile "while being operated or used in the preparation to commit a crime, commission of a crime, and/or flight from a crime, other than a traffic violation," are excluded from coverage.

**DECREE**

Safeway's writ application is granted. Having found that exclusion (m) under the policy is applicable, and therefore coverage is not available, we reverse the trial court's denial of Safeway's motion for summary judgment, render summary judgment in favor of Safeway and dismiss Plaintiff's claims against it. Costs are assessed to Plaintiff-appellee, Damien Harris.

**WRIT GRANTED; REVERSED; AND RENDERED.**