STOULIG, Judge.
Appellants, Van ¿nd Oscar McMurray, have appealed the judgment in favor of Charles McMurray, executor and sole legatee, dismissing their petition to annul the last will and testament of their deceased aunt Mrs. Lillian McMurray Adler and to recall and vacate the decree of probate and execution of said instrument. In essence they contend (1) the testament is defective in form and the proof adduced did not fulfill the requirements for the probating of a statutory will, and/or (2) the testatrix lacked testamentary capacity when it was executed on February 22, 1972. We affirm the judgment.
The statutory will of Mrs. Adler was admitted to probate on February 15, 1974. Because this action of nullity was filed within three months of that date, defendant had the burden of proving the authenticity of the will and its validity as to form.[1] Louis A. Gerdes, Jr., notary public, executed the will pursuant to the provisions of L.R.S. 9:2442 and his testimony, together with that of Jacinta Duseau, one of the subscribing witnesses, established its geniuneness.[2]
Its validity as to form is apparent from the face of the document. Appellants cite three irregularities they claim render the testament defective as to form, and therefore, null. They are: (1) that “Notary Public” is not printed or typed behind the typewritten name “Louis A. Gerdes, Jr.,” under the signature line; (2) that the witnesses’ names are not printed or typed under the lines on which their respective signatures appear; and (3) that the testatrix’s name is misspelled.
As authority for the proposition the first two alleged defects render the will null, appellants cite L.R.S. 35:12, which directs notaries public to “ * * * print or type the full names of the witnesses and of themselves under their respective signatures.” We see nothing in the act requiring the notary to type the identification “Notary Public” behind his name. As to the failure to type the names of the witnesses under their signatures, this is not a defect that nullifies the document. So reasoned the court in American Bank & Trust Co. v. Michael, 244 So.2d 882 (La.App.lst Cir. 1971). The failure of a notary public to comply with the requirements of L.R.S. 35:12 subjects him to a fine of $100 (L.R. S. 35:13) but does not affect the validity of the document reflecting these omissions.
Both Gerdes and Jacinta Duseau identified their signatures and those of the testatrix and the other witness and declared they all signed in the presence of each other. Thus the evidence establishes the will was properly executed.
As to the third complaint, we note the testatrix executed a typewritten will that was prepared by the notary after he elicited the necessary information from her to draft the document. Although she generally used the name Lillian McMurray and did not use her marriage name of Adler, the will was drafted with the intent to include the name of her deceased husband; however Adler was misspelled as Alder. She first signed “Adler” and then signed “Alder” to conform with the typewritten identification under the first signature line. On the second signature line she signed “Alder.” We conclude that she was under the misapprehension she must misspell her name to conform to the typewritten error and that this does not strike the will with nullity nor does it establish incompetence.
With respect to appellants’ claim the testatrix lacked mental capacity to exe *801 cute a will when she signed this testament, we simply point out their own medical expert’s first contact with the testatrix was some six months after her will was con-fected. At this meeting he found her to be lucid and mentally alert. He testified that later she suffered from senility caused by arteriosclerotic mental deterioration, from the latter part of 1972 until her death. Appellants had the burden of proving mental incapacity since they alleged it and this they failed to do.
For the reasons assigned, the judgment appealed from is affirmed at appellants’ cost.

AFFIRMED.

. C.O.P. art. 2932.

. O.C.P. art. 2887.