PER CURIAM.
IrThe State of Louisiana and the Monroe City School Board invoke the appellate jurisdiction of this court pursuant to La. Const, art. V, 5(D), on the ground the district court declared La. R.S. 17:443(B)(1) and 17:443(B)(2) to be unconstitutional. Pretermitting the merits, we find the judgment at issue is not properly before this court because the underlying proceeding was procedurally defective. In particular, we focus on whether the attorney general was given proper notice and opportunity to participate in these proceedings, as required by La.Code Civ. P. art. 1880.[1]
Plaintiff filed a petition for declaratory judgment and injunctive relief seeking to declare portions of Act No. 1 of 2012 un *834 constitutional. Although plaintiff requested service on the attorney general, there is no indication service was successfully completed. Rather, it appears the first actual notice the attorney generals office received was on August 1, 2013, when it was served with a copy of the district courts judgment granting plaintiffs request for a preliminary injunction. At that time, the district court allowed the attorney generals office thirty days to |¡>notify the court whether it intended to participate. However, the district court proceeded to try the matter on August 5, 2013, before this thirty-day period elapsed. On the morning of trial, the district court contacted the attorney generals office. From the information presented in the record, there is no indication the attorney generals office declined to participate in the action at that time.[2]
The matter proceeded to trial without the attorney generals participation, at which time the district court declared La. R.S. 17:443(B)(1) and 17:443(B)(2), as amended by Act 1, to be unconstitutional. Thereafter, the attorney general filed a motion to intervene, and a motion for new trial. The district court denied both motions. This appeal followed.
In Vallo v. Gayle Oil Co., 94-1238 at p. 7 (La.11/30/94), 646 So.2d 859, 864, we explained “[t]he attorney general is not an indispensable party; but, he must be served in declaratory judgment actions which seek a declaration of unconstitutionality of a statute.” The purpose of the service requirement in La.Code Civ. P. art. 1880 is to ensure that the attorney general is “afforded the necessary opportunity to be heard as the codal article requires.” Burmaster v. Plaquemines Parish Govt, 07-2432, p. 5, fn. 6 (La.5/21/08), 982 So.2d 795, 801.
In the case at bar, the record indicates the attorney general was - not properly served. Although the attorney general ultimately received actual notice of the suit, the procedural facts reveal the attorney general was not afforded a meaningful opportunity to participate in the proceedings. Accordingly, we must vacate the judgment of the district court and remand the case to the district for a new trial, at [¡¡which time the attorney general shall be afforded a full opportunity to be heard and participate in these proceedings.
DECREE
For the reasons assigned, the judgment of the district court is vacated and set aside. The case is remanded to the district court for further proceedings consistent with this opinion.
WEIMER, J., dissents.

On Writ of Certiorari to the Fourth Judicial District Court for the Parish of Ouachita

. La.Code Civ. P. art. 1880 provides:
When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In a proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard. If the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the proceeding and be entitled to be heard, [emphasis added]

. There is no transcript of this conversation in the record. In subsequent reasons for judgment, the district court summarized this conversation in rather cryptic terms, stating [t]he Court was not informed by Asst. A.G. Rick McGimsey of the Civil Division of the Louisiana Attorney Generals office that it did intend to participate in the proceedings on behalf of the State. Based on this language, we cannot say there is any evidence the attorney generals office made an affirmative representation that it would decline to participate in these proceedings.