SUSAN M. CHEHARDY, Chief Judge.
1 ¡>This appeal arises out of an objection to the candidacy of Judge Mary Hotard Becnel, appellee, for Division B of the Fortieth Judicial District Court in St. John the Baptist Parish. This position is to be filled by a primary election scheduled for November 4, 2014, followed by a general election on December 6, 2014, if necessary. Melanie L. Trosclair, appellant, seeks review of the dismissal of her action objecting to Judge Becnel’s candidacy. For the reasons that follow, we affirm the judgment of the trial court.

PROCEDURAL HISTORY

On August 20, 2014, Judge Mary Hotard Becnel qualified as a candidate in the primary election for Division B of the Fortieth Judicial District Court in St. John the Baptist Parish. On August 29, 2014, Melanie L. Trosclair, a duly-qualified elector in the Parish of St. John the Baptist, filed a petition objecting to |sthe candidacy of Judge Becnel on the ground that she “failed to qualify for the primary election in the manner prescribed by law.”[1] See La. R.S. 18:492(A)(1).
*326 At a bench trial on September 2, 2014, Ms. Trosclair alleged that defects in the notarial execution of Judge Becnel’s qualifying form rendered it a nullity.[2] First, she alleged that the form was not properly sworn before a “notary public,” as required by La. R.S. 18:463(A)(2)(b), which provides in pertinent part that “[t]he [notice of candidacy] certificate shall be executed before a notary public or shall be witnessed by two persons who are registered to vote on the office the candidate seeks.” Relying on La. R.S. 35:12(C)’s mandate that “[n]o person other than a regularly commissioned notary public shall use the title ‘Notary Public[,]’ ” Ms. Tros- . clair argued that because Judge Becnel executed her notice of candidacy before Janet L. Kavanagh, an “ex officio notary public,” Judge Becnel did not qualify before a “notary public” as mandated by La. R.S. 18:463(A)(2)(b).
Ms. Trosclair next argued that Ms. Kav-anagh’s failure to indicate her title as ex officio notary on the qualifying form did not comply with the second sentence of La. R.S. 35:12(C), which provides: “Every person, other than a regularly commissioned notary, who is otherwise given notarial powers or authorized as a notary ex offi-cio, shall clearly indicate his actual position or title from which his authority to notarize is derived, in addition to his notary identification number.”
Ms. Trosclair then claimed that Judge Becnel’s qualifying form did not contain Ms. Kavanagh’s notary identification number assigned by the secretary of state, a violation of La. R.S. 35:12(B), which mandates that “[ejvery document notarized in this state shall bear the notary identification number assigned by the secretary of state....”
|4Ms. Trosclair also argued that Judge Becnel’s failure to swear an oath before a notary public rendered her qualifying form null.
Following the presentation of Ms. Tros-clair’s case-in-chief, counsel for Judge Bec-nel orally moved for an involuntary dismissal pursuant to La. C.C.P. art. 1672(B), arguing that Ms. Trosclair had failed to show a right to relief. The trial court granted the motion, dismissing, with prejudice, Ms. Trosclair’s action. Ms. Trosclair appeals from this dismissal.

DISCUSSION

A motion for involuntary dismissal is governed by La. C.C.P. art. 1672, of which subsection (B) provides:
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any. judgment until the close of all the evidence.
To avoid an involuntary dismissal of his action, the plaintiff must establish his claim by a preponderance of the evidence. See Christiana v. S. Scrap Recycling, 13-595 (La.App. 5 Cir. 12/27/13), 131 So.3d 1059, 1063. In considering whether the plaintiff has met this burden, the trial *327 court is not required to review the evidence presented in the light most favorable to the plaintiff. Id. A trial court is vested with much discretion when ruling on a motion for involuntary dismissal; and a reviewing court may not reverse a ruling on a motion for involuntary dismissal unless it is manifestly erroneous or clearly wrong. Id.
In an election contest, the person objecting to the candidacy bears the burden of proving the candidate is disqualified. La. R.S. 18:492; Russell v. Goldsby, 00-2595 (La.9/22/00), 780 So.2d 1048,1049-51; Messer v. London, 438 So.2d 546, | a548 (La.1983). The laws governing the conduct of elections must be liberally interpreted so as to promote rather than defeat candidacy. Russell, supra. The purpose of the notice of candidacy is to provide sufficient information to show a candidate is qualified to run for the office he seeks. Senegal v. Obafunwa, 99-1449, 99-1450 (La.App. 3 Cir. 9/27/99), 745 So.2d 74, 76. Any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. Dixon v. Hughes, 587 So.2d 679 (La.1991).
With this in mind, we turn first to Ms. Trosclair’s argument that Judge Bec-nel’s qualifying form should be null because it was executed before an “ex officio notary” and not a “notary public.” At trial, Ms. Kavanagh testified that she is employed as a deputy clerk of court in St. John the Baptist Parish. Her “Oath of Office,” executed on July 1, 2008, indicates her position is “Deputy Clerk-Election Supervisor.” And records with the Secretary of State’s Office further reflect Ms. Kav-anagh’s “notary type” as “deputy clerk.”
La. Const. Art. V, § 28 provides that the clerk of the district court in each parish “shall be ex officio notary public[.]” La. C.C.P. art. 287 likewise provides that “[t]he clerk of a district court is ex officio a notary; and, as such, may administer oaths and exercise all of the other functions, powers, and authority of a notary.” And, “a deputy clerk of a court possesses all of the powers and authority granted by law to the clerk, and may perform any of the duties and exercise any of the functions of the clerk.” La. C.C.P. art. 255; see also La. R.S. 18:422. Therefore, by virtue of Ms. Kavanagh’s position as deputy clerk, we find she is authorized by law to “administer oaths and exercise all of the other functions, powers, and authority of a notary.”
While we recognize that La. R.S. 18:463(A)(2)(b) mandates a candidate’s qualifying form “shall be executed before á notary public[,]” we do not find that 16the legislature intended the qualifying form be nullified if executed before an ex officio notary public. For instance, in Hamilton v. Royal Int’l Petroleum Corp., 05-846 (La.2/22/06), 934 So.2d 25, 33, in the context of a tax sale, the Louisiana Supreme Court reasoned that non-compliance with the statutory mandate that the tax collector provide a post-tax sale notice to the taxpayer does not annul the- tax sale because the statute does not provide any penalty or remedy upon the tax collector’s failure to perform this mandatory duty. The court explained:
We are not unmindful that the word ‘shall,’ for purposes of statutory construction, denotes a mandatory duty.... However, statutes classified as mandatory prescribe, in addition to requiring the doing of the thing specified, the result that will follow if they are not done.... Enacting La. R.S. 47:2180(A)(l)(b), the Legislature has prescribed a mandatory duty for the tax collector, but has not prescribed a result of nullity of the tax sale if the tax collector fails to give the post-tax sale notice.... [I]t is not the *328 function of the judicial branch in a civilian legal system to legislate by inserting penalty provisions into statutes where the legislature has chosen not to do so.

Id.

Similarly, in the present case, although La. R.S. 18:463(A)(2)(b) mandates a qualifying form be executed before a “notary public,” in view of the foregoing, we find the execution of Judge' Becnel’s qualifying form before an “ex officio notary public” did not render it null.
Regarding Ms. Trosclair’s argument that Ms. Kavanagh failed to indicate her title as ex officio notary in violation of La. R.S. 35:12(C), the First Circuit Court of Appeal considered a similar argument in Millen v. State Dep’t of Pub. Safety & Corr., 07-0845 (La.App. 1 Cir. 12/21/07), 978 So.2d 957, 964, and concluded that a police sergeant’s failure to include his full name and to specify his ex officio notary status did not invalidate an arrest affidavit. We similarly find that such an omission does not invalidate a candidate’s qualifying form for public office.
| /With respect to Ms. Trosclair’s objection that Judge Becnel’s qualifying form did not contain Ms. Kavanagh’s notary identification number as required by La. R.S. 35:12(B), we also find that noncompliance with this does not affect the validity of Judge Becnel’s candidacy. For instance, in Am. Bank & Trust Co. v. Michael, 244 So.2d 882, 884 (La.App. 1 Cir.1971), the First Circuit Court of Appeal recognized in the context of a mortgage that the failure of a notary to comply with La. R.S. 35:11 and 35:12 “may subject him to penalty, but does not affect the validity of the mortgage.” Similarly, the Fourth Circuit Court of Appeal held in the context of a will that “the failure of a notary public to comply with the requirements of La. R.S. 35:12 subjects him to a fine of $100 (La. R.S. 35:13) but does not affect the validity of the document reflecting these omissions.” See Succession of Adler, 334 So.2d 799, 800 (La.App. 4 Cir. 1976).
Regarding Ms. Trosclair’s contention that Judge Becnel’s failure to swear an oath invalidated her candidacy, we note this argument is based upon the language in the qualifying form “Sworn to and subscribed before me, Notary Public[.]” We reject this argument because La. R.S. 18:463 does not require the swearing of an oath.
In view of the foregoing, and considering the liberal construction due election laws, we find the trial court did not manifestly err in granting appellee’s motion for involuntary dismissal.
Lastly, we note that in appellee’s brief to this Court, appellee seeks review of the trial court’s judgment denying the request for damages, attorney’s fees, and sanctions pursuant to La. C.C.P. art. 863 and La. R.S. 18:1432(B). Appellee’s failure to raise this issue by appeal or in an answer to the appeal precludes our consideration thereof. See La. C.C.P. art. 2133.
1 ¡DECREE
The judgment of the trial court granting appellee’s motion for involuntary dismissal and dismissing appellant’s action is affirmed. Costs of appeal are assessed against appellant, Melanie L. Trosclair.

AFFIRMED.

. Ms. Trosclair also filed a petition objecting to the candidacy of Mona R. Joseph, which is *326 dle subject of a separate appeal before this Court, Trosclair v. Joseph, et al., 14-675. ■

. At trial, Ms. Trosclair did not argue all of the objections raised in her petition. On appeal,-we consider only those arguments which have been briefed. See Rule 2-12.4(B)(4), Uniform Rules-Courts of Appeal.