SUSAN M. CHEHARDY, Chief Judge.
| ¡¡This appeal arises out of an objection to the candidacy of Derrick Shepherd for the office of the 87th Representative District in the Louisiana House of Represen *1131 tatives. This office is to be- filled by a primary election scheduled for October 24, 2015, followed by a general election on November 21, 2015, if - necessary. Mr. Shepherd seeks review of the district court’s judgment granting the objection to his candidacy and ordering the removal of his name from the ballot. For the reasons that follow, we affirm the judgment of the district court.
FACTS AND PROCEDURAL HISTORY
On October 10, 2008, in the United States District Court for the Eastern District of Louisiana, Derrick Shepherd pled guilty to conspiracy to commit money laundering, a violation of 18 U.S.C. § 1956(h). On February 11, 2010, the court sentenced Mr. Shepherd to a term of imprisonment’ for thirty-seven months in the custody of the United States Bureau of Prisons and fined him $45,000.00. The court further ordered Mr. Shepherd to remain on supervised release for three years after his release from imprisonment. Mr. Shepherd was discharged from the Bureau of Prisons on March 15, 2012, and from probation on May 12, 2014.
|40n September 10, 2015, Mr. Shepherd qualified as a candidate in the primary election for the office of the 87th Representative District in the Louisiana House of Representatives. On September 14, 2015, Paul D. Connick, Jr., in his official capacity as District Attorney for the 24th Judicial District, filed a petition objecting to the candidacy of Mr. Shepherd on the ground that his status as a convicted felon prohibits him from qualifying for or taking elective public office pursuant to Article I, Section 10 of the Louisiana Constitution. See La. R.S. 18:495(A).
On September 17, 2015, Mr. Shepherd filed an “Answer, Affirmative Defense and Request for Declaratory Judgment,” in which he sought to have La. Const. Art. I, § 10 declared unconstitutional. He argued that he is not prohibited from qualifying because La. Const. Art.. I, §, 10 is null and void due to a defect in the.legislative process. He contends that the version of the constitutional amendment ratified by the voters is not the same as the one passed by the legislature. Specifically, Mr. Shepherd claims that an amendment adopted by both houses of the legislature was erroneously omitted from the final version of the bill that was.placed on the ballot and ratified by a majority of Louisiana voters. He claims this omission nullifies La. Const. Árt. I, § 10.
A bench trial was held on September 18, 2015. At the outset of the proceedings, a discussion was held regarding the fact that the attorney general had not been served with Mr. Shepherd’s answer/réconventional demand. Indeed, a review of that pleading confirms that Mr. Shepherd did not request service on the attorney general. Consequently, a recess was held during which Mr. Shepherd’s answer/recon-ventional demand was faxed and e-mailed to the attorney general’s office. After the court reconvened, a telephone conference on the record was held, at which time the attorney general accepted service and objected to a determination | sby the court of the constitutional issue: “... [Jjust for the record, our presence or lack of presence there this morning, we in no way consent to the unconstitutional challenge.... [W]e just wanted to preserve for the record that our objection is that a constitutional challenge must be done in an ordinary proceeding at the Ninéteenth [JDC].”[1]
*1132 Finding that the attorney general had not been afforded an adequate opportunity to be1 heard in accordance with La. C.C.P. art. 1880, the cotut determined it was not in the proper ' posture tó consider Mr. Shepherd’s constitutional challenge. The eourt therefore conducted its analysis under the presumption that La. Const. Art. I, § 10 i's constitutional. In light of Mr. Shepherd’s stipulation' tó the facts as alleged in the petition objecting to his candidacy, the court concluded that La. Const'. Art. I,' § 10 prohibits Mr. Shepherd from qualifying for Or taking elective public office. ' The court granted the objection to Mr. Shepherd’s candidacy and ordered the removal of his name from the ballot, which was stayed pending a rilling from this Court. Mr. Shepherd appeals'from this judgment.
DISCUSSION
On appeal, Mr. Shepherd argues that the district court erred in , refusing to consider the merits of his constitutional challenge. He submits the court erred in finding that the attorney general was denied the opportunity to be heard and concluding from this that consideration of the constitutional issue is precluded. Mr. Shepherd contends that the attorney general was in fact given and utilized the opportunity to be heard when he participated in the hearing by telephone; •
A district court’s decision to grant or deny a declaratory judgment is reviewed under the abuse of discretion standard. Jefferson Parish Firefighters Ass'n v. Parish of Jefferson, 13-40 (La. App. 5 Cir. 5/23/13), 117 So.3d.246, 250, writ denied, 13-1612 (La.11/15/13), 125 So.3d 1107. The district court declined to consider the merits of Mr. Shepherd’s constitutional claim, due to non-compliance with La. C.C.P. art. 1880. This article provides in pertinent part:
When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.... If the .statute, ordinance, or franchise is alleged to he unconstitutional, the attorney general of the state shall also be served with a copy of the proceeding and be entitled to be heard.
(Emphasis added).
The Louisiana Supreme Court has held these procedural requirements are indispensable for adjudicating a constitutional challenge to a state law. In Williams v. Monroe City Sch. Bd., 12-2602 (La.1/10/14), 131 So.3d 833, 834, the supreme court found non-compliance with La. C.C.P. art. 1880 precluded its review of a district court’s judgment'finding unconstitutional portions of Title 17 of the Louisiana Revised Statutes.
In Williams, the plaintiff filed a petition for declaratory judgment and injunctive relief seeking to declare portions of La. R.S. 17:443 unconstitutional. Although the plaintiff requested service on the attorney general, there was no indication service was successfully completed.. Rather, it appeared the first actual notice the attorney general’s office received was on August 1, 2013, when it- was' served with a copy of the district court’s judgment granting the plaintiffs request for a preliminary injunction. .At that time, the district court allowed the attorney general’s office thirty days to notify the court whether it intended to participate. However, the district court proceeded to try the matter on August 5, 2013, before this thirty-day period elapsed. On the morning of trial, the district court contacted the attorney general’s office; There was no indication in the record that the |7attorney general’s office declined to participate in the action at that *1133 time. The matter proceeded to trial without the attorney general’s participation, and the court declared certain provisions unconstitutional. Williams at 833-34.
On' appeal, the supreme court found that, under these circumstances, “the attorney general was not afforded a meaningful opportunity to participate in the proceedings,” vacated the district court’s judgment, and remanded the case for a new trial, at which time “the attorney general shall be afforded a full opportunity to be heard and participate in these proceedings.” Williams at 834.
In the instant case, Mr. Shepherd argues that the attorney general was given the opportunity to be heard, as evidenced by his actual participation in the hearing and the court’s statement: “I wanted to give an opportunity for you to be heard in this proceeding; and so I’m going to allow you to have that opportunity at this time.”
The court’s mere utterance of the words “the' opportunity to be heard” is not a talisman satisfying the requirements of due process. Rather, as the Louisiana Supreme Court has held, the attorney general must be afforded a “meaningful” and “full” “opportunity to be heard and participate in the proceedings.” See Williams, supra; accord Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976) (“The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.”).
Here, the record indicates that the attorney general first received actual notice of the constitutional challenge in the 24th JDC on the morning of trial, was served during a recess of the proceedings, and responded via telephone. Under these circumstances, we. cannot find that the district court abused its discretion in concluding the attorney general was not afforded a meaningful, or full opportunity to be heard or participate in the proceedings pursuant to La. C.C.P. art. 1880. ^Accordingly, we also find no error in the district court’s decision to decline to consider the merits of Mr. Shepherd’s constitutional claim.
Mr. Shepherd suggests that the importance of the constitutional issue central to his argument should outweigh our consideration of the rules of procedure upon which the district court relied in declining to address the merits. The core of Mr. Shepherd’s argument is that a provision of the constitution is invalid due to a procedural defect in amending tbe constitution. Just as the legislature must comply with the procedure for amending the constitution, this Court too must comply with the rules of civil procedure. Mr. Shepherd failed to comply with the rules of procedure as set forth in La. C.C.P. art. 1880. For this reason, the district court did not consider the merits and neither can this Court.
As a result of the deficient service on the attorney general and the lack of a meaningful opportunity to be heard, this Court granted the attorney general leave to file an amicus brief. We choose to address an argument raised therein.[2]
*1134 On September 10, 2015, Mr. Shepherd, filed a signed and notarized notice of candidacy form which included the following certifications as required by La. R.S. 18:463(A)(2)(a)(iii) and (viii):
I am not currently under an order of imprisonment for conviction of a felony and I am not prohibited from qualifying as candidate for conviction of a felony pursuant to Article I, Section 10 of the Constitution of Louisiana.
All the statements contained herein are true and correct.
At the time Mr. Shepherd filed his notice of candidacy form, he could not certify that the first statement was “true and correct.” Mr. Shepherd may argue it is Istrue on the basis that an unconstitutional provision does not prohibit his candidacy. However, his certification as to the statement’s truth cannot hinge upon his subjective belief that the provision is unconstitutional. The law is presumed constitutional until declared otherwise. See Greater New Orleans Expressway Comm'n v. Olivier, 04-2147 (La.1/19/05), 892 So.2d 570, 573. Consequently, at the time Mr. Shepherd filed his notice of candidacy, La. Const. Art. I, § 10 enjoyed the presumption of constitutionality and prohibited Mr. Shepherd from qualifying as a candidate. In our opinion, his certification to the contrary could have subjected him to disqualification for failing to qualify for the primary election in the manner prescribed by law. See La. R.S. 18:492(A)(1); La. R.S. 18:494(A). We do not suggest that Mr. Shepherd may not challenge the constitutionality of the provision; he certainly may. However, his decision to do so subsequent to his qualification for candidacy does not relieve him of compliance with La. R.S. 18:463.
Since we cannot address the merits of the constitutional challenge, our analysis, as-did the district court’s, must proceed under the presumption that La. Const. Art. I, § 10 is constitutional. See Greater New Orleans Expressway Comm'n, supra; M.J. Farms, Ltd. v. Exxon Mobil Corp., 07-2371 , (La.7/1/08), 998 So.2d 16, 31 (“[T]he party challenging the validity of a statute has the burden of proving its unconstitutionality.”).
 In an action-objecting to candidacy, the party objecting bears the burden of proving the candidate is disqualified. See Trosclair v. Becnel, 14-676 (La.App. 5 Cir. 9/9/14), 150 So.3d 324, 327. The laws governing the conduct of elections must be liberally interpreted so as to promote rather than defeat candidacy. Trosclair, supra. Any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. Id.
110Mr. Connick objects to Mr. Shepherd’s candidacy on the ground that La. Const. Art. I, § 10 prohibits Mr. Shepherd from qualifying for. or taking elective public office. It provides in pertinent part:
B. Disqualification. — The following persons shall not be permitted to qualify as a candidate for elective public office or take public elective office or appointment of honor, trust, or profit in this state:
(1) A person who has been convicted within this state of a felony and who has exhausted all legal remedies, or who has .been convicted under the laws of any other state or of the United .States or of any foreign government or country of a crime which, if committed in this state, would bé a felony and who' has exhausted all *1135 legal remedies and has not after-wards been pardoned either by the governor of this state or by the officer of the state, nation, government or country having such authority to pardon in the place where the person was convicted and sentenced.
(2) A person actually under an order of imprisonment for conviction of a felony.
C. Exception. — Notwithstanding the provisions of Paragraph (B) of this Section, a person who desires to qualify as a candidate for or hold an elective office, who has been convicted of a felony and who has served his sentence, but has not been pardoned for such felony, shall be permitted to qualify as a candidate for or hold such office if the date of his qualifying for such office is more than fifteen years after the date of the completion of his original sentence.
In addition to the details regarding his felony conviction and sentence, Mr. Shepherd further stipulated to the following: the crime of which he was convicted would be a felony if committed in this state; Mr. Shepherd exhausted all legal remedies with regard to his conviction and sentence; Mr. Shepherd has not been pardoned by the Governor of Louisiana or the President of the United States; and Mr. Shepherd’s date of qualification for this office is less than fifteen years after the completion of his original sentence.
Based on these facts, La. Const. Art. I, § 10 prohibits Mr. Shepherd from qualifying for or taking elective public office. The district court did not err in ^disqualifying Mr. Shepherd and ordering the removal of his name from the ballot. DECREE
For the foregoing reasons, the judgment of the district court granting the objection to Derrick Shepherd’s candidacy is affirmed. The district court’s judgment ordering the removal of Derrick Shepherd’s name from the ballot is affirmed. Costs of this appeal are assessed against Mr. Shepherd.

AFFIRMED

. This Court takes judicial notice of the proceedings in the 19 th Judicial District Court under Docket No. 642-351.

. The long-standing rule of law is that appellate courts will not consider issues raised for the first time on appeal, which are not pleaded in the court below, and which the trial court has not addressed. First Bank & Trust v. Bayou Land & Marine Contrs., 12-295 (La. App. 5 Cir. 10/30/12), 103 So.3d 1148, 1152. However, "[t]he appellate court shall render any judgment which is just; legal, and proper upon the record on appeal.” .La. C.C.P. art. 2164, Official Revision Comment (a) of this article states: “The purpose of this article is to give the appellate court complete freedom to do justice on the record irrespective of whether a particular legal point or theory was made, argued, or passed on by the court be *1134 low.!' Under the circumstances of this case, we exercise our discretion to address the attorney general's argument raised in the ami-cus brief.