GUIDRY, J.,
dissents and assigns reasons.
hi respectfully dissent from the majority opinion with regard to the plaintiffs standing, because I do not find he has an interest that “is sufficiently affected so as to ensure that a justiciable controversy is presented to the court.” In re Melancon, 05-1702, p. 9 (La.7/10/06), 935 So.2d 661, 668. In my view, the entirety of the 1997 amendment to La. Const, art. I, § 10 need not fall as the result of the omission of a second exception to the general prohibition on unpardoned convicted felons running for election contained in La. Const, art. I, § 10(B). As the majority opinion notes, our focus should be on whether it is possible to uphold the constitutional amendment, and that every reasonable presumption both of law and fact will be considered in favor of upholding the amendment, unless an illegality appears beyond a reasonable doubt. Op., p. 766-67 (quoting Bd. of Liquidation of State Debt of Louisiana v. Whitney-Central Trust & Savings Bank, 168 La. 560, 122 So. 850, 851 (1929)).
Here, the legislature intended to present to the electorate an amendment that clarified the right to vote but also disqualified convicted felons from seeking or holding public office within a certain time period, a restriction not previously | ¡.found in the constitution. See 1997 La. Acts 1492; see also La. Const. art. I, §§ 10(B)(1) and (2); Comment, Voting and Election Law in the 1974 Constitution, 46 La. L.Rev. 1253 (1986). As the majority notes, the Senate’s version passed with more than a two-thirds vote, providing for an exception to the general prohibition when the person seeking office has served his sentence and fifteen years has elapsed from the date of the completion of the original sentence. Senate Bill No. 321. This exception would apply regardless of whether the person was actually incarcerated or placed on probation. In the House, a second exception was created to apply when the person seeking office has been convicted of a felony, has not been incarcerated, but instead has received probation, identified as the Green amendments by the majority. In such case, the person seeking office shall be permitted to qualify upon completion of his probation. Op., pp. 757-59. As the majority notes, both exceptions, including the fifteen-year period for convicted felons actually incarcerated, were approved by more than a two-thirds vote of the House. Id., p. 758-59. The Senate then also approved the Green amendments. Id. Further, although the exception for convicted felons sentenced only to probation was omitted from Act 1492, and thus was not presented to the electorate, the Senate’s original exception, which because of its greater scope applied to convicted felons who had been incarcerated, was approved by the electorate. Thus, the so-called fifteen-year cleansing period for convicted felons who had been sentenced to incarceration, was approved by the requisite two-thirds of the House and Senate, as well as the electorate. In effect then, the general prohibition on felons seeking office in La. Const, art. I, §§ 10(B)(1) and (2), as well as the exception for those felons who had been incarcerated and fifteen years had elapsed since the completion of their sentence, complied with the procedural requirements of La. Const. art. XIII, § 1. The majority concedes as much. See op., p. 771.
Here, under the original Senate bill, the bill as amended by the House, which *775 | ¡¡amendments were approved by the Senate, and the version set forth in Act 1492, the plaintiff was not eligible to run for office because he had been sentenced to incarceration after having been convicted of a felony, and fifteen years had not yet elapsed since the completion of his original sentence. See Connick v. Shepherd, 15-582 (La.App. 5 Cir. 9/24/15), 176 So.3d 1129, writ denied, 15-1763 (La.9/30/15), 178 So.3d 575. Thus, the electorate and both the House and Senate were of a single mind that persons in the plaintiffs position should be prohibited from seeking elective office. In every version considered by the House, Senate, and electorate, there is no question the intent was to prohibit convicted felons from seeking or holding public office within certain time periods. See La. Const. art. I, § 10(B)(1). In my view then, the plaintiff has no true interest in challenging the validity of the constitutional amendment, because under the actual amendment ratified by the electorate, including the general prohibition against unpardoned felons seeking office in Art. I, § 10(B)(1), and the fifteen-year cleansing period in La. Const. art. I, § 10(C), as well as the Green amendments he asserts should have been but were not presented to the voters, he was not eligible to qualify to seek elective office. Nevertheless, the majority permits this plaintiff, who would be ineligible to seek office in any case, to effect the eventual dismantling of the Legislature’s and the electorate’s considered view restricting the scope of persons qualified to seek public office. The majority should not have recognized this particular plaintiffs standing to challenge the constitutional validity of the 1997 amendments to La. Const, art. I, § 10.