McCLENDON, J.
*308 Defendant, Cal Broussard, was charged by bill of Information with unlawful use of a social network website, a violation of LSA-R.S. 14:91.5 (count 1), and with failure to register as a sex offender, a violation of LSA-R.S. 15:542C(1) (count 2). He entered a plea of not guilty as to both counts. Defense counsel filed motions to quash each charge, challenging the constitutionality of both statutes. Thereafter, the State dismissed count one, thereby making the motion to quash as to count one moot. The trial court denied the motion to quash as to count two. After being advised of his rights, defendant then entered a plea of guilty as to the second count, reserving his right to appeal his claim as to the unconstitutionality of the statute pursuant to State v. Crosby, 338 So.2d 584, 586 (La. 1976). The trial court imposed a term of two years imprisonment at hard labor, to be served without the benefit of probation, parole, or suspension of sentence. Defendant now appeals, designating a single assignment of error. For the following reasons, we vacate the conviction and sentence, and remand the case to the trial court to provide the Attorney General the opportunity to participate in the proceedings.
STATEMENT OF FACTS[1]
On March 20, 2015, defendant entered a plea of guilty in Ascension Parish to indecent behavior with a juvenile, a violation of LSA-R.S. 14:81. He was sentenced to five years imprisonment at hard labor without parole, probation, or suspension of sentence for the first two years. Thereafter, defendant was to serve three years on active probation.
Following his move to St. Tammany Parish, after his release from incarceration, defendant registered as a sex offender with the St. Tammany Sheriff's Office. During a surprise inspection by his probation officer on June 6, 2017, a laptop computer open to a social networking site was found on defendant's bed. Investigation revealed an email address defendant was using that was not reported to the Sheriff during defendant's registration.
ASSIGNMENT OF ERROR
In his sole assignment of error, defendant contends the trial court erred when it denied his Motion to Quash the bill of information due to the fact the statute with which he was charged, LSA-R.S. 15:542C, is unconstitutional.[2] In support of his *309 claim, defendant cites the case of Doe v. Harris, 772 F.3d 563 (9th Cir. 2014). In Harris, the Ninth Circuit held that the plaintiffs, challenging a newly-applicable California sex offender registration statute, were entitled to injunctive relief. The court reasoned the statute was likely unconstitutional because it was not narrowly tailored to serve an important governmental interest and unduly restricted the speech of sex offenders no longer on probation. However, due to the procedural posture of the case, the court did not rule on the merits of the plaintiffs' claims. Harris, 772 F.3d at 583. In this matter, defendant argues the mandatory provision that sex offenders register all email addresses to the State is a similar speaker-based restriction that improperly curtails his freedom of anonymous online speech. As a result, defendant argues, the statute is unconstitutionally overbroad, chilling on speech, and is therefore unenforceable. Defendant concedes that the Harris plaintiffs were under no governmental supervision, in contrast to him remaining on probation. However, defendant also argues his case is best resolved through the probation revocation/modification process through his still-pending Ascension Parish case.
The State argues that no notice was given to the Attorney General's Office, and consequently, the appeal is not yet properly before this court. The State contends the conviction and sentence should be vacated and the case remanded to provide the Attorney General an opportunity to be heard. The State's brief does not address the merits of defendant's claim. In turn, defendant makes no argument regarding the necessity of including the Attorney General in the proceedings.
Statutes are presumed to be valid, and the constitutionality of a statute should be upheld whenever possible. State v. Hart, 96-0599 (La. 1/14/97), 687 So.2d 94, 95. A constitutional challenge may not be considered by an appellate court unless it was properly pled and raised in the trial court below. State v. Hatton, 07-2377 (La. 7/1/08), 985 So.2d 709, 718 ; State v. Green, 16-0057, p. 6 (La.App. 1 Cir. 6/1/18), 2018 WL 2453456 (unpublished), writ denied, 18-1060 (La. 11/14/18), 256 So.3d 281. More specifically, a constitutional challenge to a state law must be pled or litigated in the trial court in order for the issue to be considered on appeal. Vallo v. Gayle Oil Co., Inc., 94-1238 (La. 11/30/94), 646 So.2d 859, 864-65 (constitutionality of statute must first be questioned in trial court; plea *310 of unconstitutionality must be specifically pled to be considered by trial court); cf. Basco v. Dorthy R. Racine Trucking, Inc., 97-2740 (La.App. 1 Cir. 12/28/98), 725 So.2d 606, 609-10, writ denied, 99-0263 (La. 3/19/99), 740 So.2d 119.
In the case of a declaratory judgment action, where a statute is alleged to be unconstitutional, the state attorney general must be served with a copy of the proceeding and given the opportunity to be heard. LSA-C.C.P. art. 1880 ; LSA-R.S. 49:257C ("Notwithstanding any other law to the contrary, the attorney general, at his discretion, shall represent or supervise the representation of the interests of the state in any action or proceeding in which the constitutionality of a state statute or of a resolution of the legislature is challenged or assailed."); Vallo, 646 So.2d at 864 ; see also Williams v. Monroe City Sch. Bd., 13-2602 (La. 1/10/14), 131 So.3d 833, 834 (per curiam) (The purpose of the service requirement in LSA-C.C.P. art. 1880 is to ensure that the attorney general is "afforded the necessary opportunity to be heard as the codal article requires.") (citing Burmaster v. Plaquemines Parish Gov't, 07-2432 (La. 5/21/08), 982 So.2d 795, 801 n.6 ); State v. White, 18-0702 (La.App. 1 Cir. 8/7/18), 2018 WL 3752118 (unpublished). While the "attorney general is not an indispensable party" in a declaratory judgment proceeding under LSA-C.C.P. art. 1880, he is still to be served a copy of the "pleading which contests the constitutionality of a statute." Cf. State v. Schoening, 00-0903 (La. 10/17/00), 770 So.2d 762, 765-66 n.9 (citing Vallo, 646 So.2d at 864 ).
In all other actions challenging the constitutionality of a statute, the Louisiana Supreme Court has held the Attorney General should be served a copy of the pleadings. Vallo, 646 So.2d at 864. Additionally, LSA-R.S. 13:4448 requires the courts of appeal and the Louisiana Supreme Court to notify the Attorney General and afford him an opportunity to be heard prior to adjudicating the constitutionality of a state statute. State v. V.L.G., 11-0634, p. 16 (La.App. 3 Cir. 12/7/11), 2011 WL 6077831 (unpublished). Following that service, the Attorney General then has the discretion to represent the State's interests at any subsequent proceedings. State v. Rogers, 14-1435, n.3 (La.App. 1 Cir. 6/5/15), 2015 WL 3547116 (unpublished) (Attorney General should have been served notice of constitutional challenge below and, at his discretion, been allowed to be heard and represent or supervise the State's representation).
In this matter, although defendant clearly raised his. constitutionality claim in the trial court, and the trial court explicitly found the statute constitutional, there is nothing in the record indicating that the Attorney General was given any notice of defendant's constitutional challenge. Neither the motion to quash nor the memorandum in support of the motion to quash show a certificate of service indicating notice to the Attorney General. Although defendant subsequently filed a motion to reset the motion to quash, requesting "additional time ... to give proper notice to the Attorney General's Office as provided by law," nothing in the record indicates that such notice was given. On October 1, 2018, this court submitted notice to the Attorney General of the pending constitutional claim in accordance with LSA-R.S. 13:4448. On October 15, 2018, the Attorney General submitted a brief, arguing that it had not been permitted to participate in defending the constitutionality of the statute at the trial court level, and, alternatively, that the underlying claim was meritless. The Attorney General argues the State has a compelling interest in protecting minors from *311 sexual abuse, and the statute is narrowly tailored to accomplish that end.
The procedural facts reveal that the Attorney General was not afforded a meaningful opportunity to participate in the proceedings. Because the Attorney General was not served with defendant's constitutional challenge at the trial court level, we must vacate the judgment of the trial court and remand the case for a new trial, at which time the Attorney General shall be afforded a full opportunity to be heard and participate in these proceedings. See Williams v. Monroe City Sch. Bd., 13-2602 (La. 1/10/14), 131 So.3d 833, 834 (per curiam).
CONCLUSION
For the foregoing reasons, defendant's conviction and sentence are vacated, and the case is remanded to the trial court for further proceedings consistent with this opinion.
CONVICTION AND SENTENCE VACATED; REMANDED.

Because the conviction is the result of a guilty plea, the underlying facts are not fully developed.

Louisiana Revised Statutes 15:542 provides, in relevant part:
A. The following persons shall be required to register and provide notification as a sex offender or child predator in accordance with the provisions of this Chapter:
(1) Any adult residing in this state who has pled guilty to, has been convicted of, or where adjudication has been deferred or withheld for the perpetration or attempted perpetration of, or any conspiracy to commit either of the following:
(a) A sex offense as defined in R.S. 15:541,
* * *
B. (1) The persons listed in Subsection A of this Section shall register in person with the sheriff of the parish of the person's residence, or residences, if there is more than one, and with the chief of police if the address of any of the person's residences is located in an incorporated area which has a police department. If the offender resides in a municipality with a population in excess of three hundred thousand persons, he shall register in person with the police department of his municipality of residence.
* * *
C. (1) The offender shall register and provide all of the following information to the appropriate law enforcement agencies listed in Subsection B of this Section in accordance with the time periods provided for in this Subsection:
* * *
(m) Every e-mail address, online screen name, or other online identifiers used by the offender to communicate on the internet. If the offender uses a static internet protocol address, that address shall also be provided to the appropriate law enforcement agency. Required notice must be given before any online identifier or static internet protocol address is used to communicate on the internet. For purposes of this Subparagraph, "static internet protocol address" is a numerical label assigned to a computer by an internet service provider to be the computer's permanent address on the internet.