GRAVOIS, J.
Defendants/appellants, the Jefferson Parish School Board (the "School Board") and ONGO Live, Inc. ("ONGO"), appeal a trial court judgment dated April 3, 2018 which granted in part and denied in part a motion for partial summary judgment filed by plaintiffs, William Mellor, et al. For the following reasons, we find that there are genuine issues of material fact outstanding at this time regarding permission to enforce a Jefferson Parish ordinance within the geographical boundaries of the incorporated municipalities of Jefferson Parish. Accordingly, we reverse the partial grant of summary judgment in favor of plaintiffs and remand the matter for further proceedings.
FACTS AND PROCEDURAL HISTORY
Plaintiffs, William Mellor, et al , represent a class of persons who received civil traffic tickets for allegedly violating the Jefferson Parish School Bus Safety Enforcement Program ("SBSEP"), codified in Parish of Jefferson Code of Ordinances, Chapter 36, article XII, § 36-320, et seq. (the "Ordinance"), enacted on or about October 29, 2008, pertaining to the overtaking and passing of a school bus that has activated its visual signals. Plaintiffs filed this class action suit on March 16, 2012, seeking a declaration that the Ordinance is unconstitutional and an order for defendants to immediately return all money (fees and fines) collected via enforcement of the SBSEP.[1]
At issue in this appeal, plaintiffs moved for partial summary judgment on October 19, 2017 against the School Board, ONGO, and the Jefferson Parish Sheriff's Office (the "Sheriff's Office"). The School Board and ONGO filed a joint opposition to the motion for partial summary judgment; the Sheriff's Office filed its own opposition. The matter came on for a hearing on March 14, 2018.[2] In a judgment dated April 3, 2018, the trial court:
(1) granted summary judgment in favor of plaintiffs on the part of the motion which sought to have all SBSEP tickets issued for violations occurring within the incorporated Jefferson Parish municipalities of the City of Gretna, the City of Harahan, the City of Kenner, and the City of Westwego (collectively "the Cities") declared to have been "issued illegally";
(2) denied summary judgment on the part of the motion which sought to have the SBSEP tickets issued in the adjoining parishes of Orleans and St. Charles declared to have been "issued illegally";[3] and
(3) denied summary judgment on the part of the motion in which plaintiffs sought immediate return of the SBSEP fees and fine monies alleged to have been "illegally collected."[4]
The School Board and ONGO moved for a devolutive appeal, which was granted on June 6, 2018; the Sheriff's Office did not, however, appeal the judgment. Appellants designated the contents of the appellate record as per La. C.C.P. art. 2128.[5] On June 7, 2018, appellants moved to have the April 3, 2018 judgment certified as immediately appealable per La. C.C.P. art. 1915(B)(2). The motion was granted on June 11, 2018.[6]
On appeal, appellants argue that the trial court erred in relying on State v. Meche , 98-327 (La. App. 3 Cir. 12/16/98), 724 So.2d 847, to partly grant the motion for partial summary judgment, arguing that case did not make a constitutionality argument, and is factually distinguishable and legally unpersuasive. Appellants also argue that the motion for partial summary judgment should have been denied regarding whether the SBSEP tickets were issued illegally within the Cities, because the Parish of Jefferson, the Louisiana Attorney General and/or the Cities are indispensable parties. Finally, appellants argue that the partial summary judgment granted against them in favor of plaintiffs is in error because it was co-defendant the Sheriff's Office who was responsible under the SBSEP for enforcement of the ordinance, whereas defendants the School Board and ONGO merely handled administration of the SBSEP program, as specified by the Ordinance.
ANALYSIS
This appeal concerns a trial court judgment that granted in part and denied in part a motion for partial summary judgment. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1).
Appellate courts review summary judgments de novo using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Pizani v. Progressive Ins. Co. , 98-225 (La. App. 5 Cir. 9/16/98), 719 So.2d 1086, 1087. A de novo review or an appeal de novo is an appeal in which the appellate court uses the trial court's record, but reviews the evidence and law without deference to the trial court's rulings. Wooley v. Lucksinger , 06-1140 (La. App. 1 Cir. 12/30/08), 14 So.3d 311, 352 ; Sarasino v. State Through Department of Public Safety and Corrections , 16-408 (La. App. 5 Cir. 3/15/17), 215 So.3d 923, 927. The decision as to the propriety of a grant of a motion for summary judgment must be made with reference to the substantive law applicable to the case. Muller v. Carrier Corp. , 07-770 (La. App. 5 Cir. 4/15/08), 984 So.2d 883, 885.
To their motion for partial summary judgment, plaintiffs attached: (1) a copy of the Ordinance; (2) computer generated lists ostensibly of tickets issued for violations of the Ordinance by City location, the VIN number of the offending vehicle, and the amount of the fine paid; and (3) ONGO's responses to plaintiffs' requests for admissions.
The School Board and ONGO filed a joint memorandum in opposition to the motion for partial summary judgment, arguing that the Parish of Jefferson and the Cities were indispensable parties to the matter as a whole, that the Sheriff's Office was the proper party to address the enforcement of the SBSEP, and that School Board and ONGO merely handled the administration of the "system" and notification of the violations and played no role in reviewing the evidence or deciding whether a violation should be issued.[7] They attached the following exhibits to their opposition: (1) the judgment of July 29, 2016 dismissing the Parish of Jefferson from this suit; (2) the reasons for judgment dated July 29, 2016; and (3) a copy of the Ordinance.
Applicability of State v. Meche
On appeal, appellants argue that the trial judge erred in relying on the case of State v. Meche , supra , to support plaintiffs' argument that enforcement of the ordinance in the Cities was illegal.[8] In their motion for partial summary judgment, plaintiffs argued that the Cities, being independent and autonomous legal entities distinct from the Parish, had given neither the Parish of Jefferson nor the School Board "permission" to enforce a parish ordinance within their municipal boundaries, as evidenced by ONGO's responses to plaintiffs' requests for admissions. They argued that without express permission from the Cities to enforce the ordinance within their municipal borders, appellants were without authority to cite violators within the Cities' boundaries, and the tickets for violations occurring within those boundaries were therefore issued illegally.[9] Plaintiffs cited Article VI, Section 2 of the Constitution of the State of Louisiana of 1974, the Cities' home rule charters,[10] La. R.S. 33:361, the Jefferson Parish Charter, Sections 2.01 and 6.03, and State v. Meche , in support of their argument.
ONGO's responses to plaintiffs' requests for admissions, which were attached to plaintiffs' motion for partial summary judgment, admit that defendants did not seek the Cities' permission to enforce the ordinance within their municipal boundaries. This is the only evidence in this designated record which addresses whether the Cities gave "permission" to enforce the ordinance within their municipal boundaries. Appellants argue that the ordinance did not require such permission.
La. R.S. 33:361 provides, in pertinent part:
Except as otherwise provided in this Part, a municipality shall be vested with all powers, rights, privileges, immunities, authorities, and duties heretofore possessed in accordance with all constitutional and statutory provisions with respect thereto. A municipality is further authorized to exercise any power and perform any function necessary, requisite, or proper for the management of its affairs not denied by law.
In Meche , the issue before the court was whether the unified City-Parish government of Lafayette could enforce a parish criminal ordinance within the municipal boundaries of Carencro, an incorporated municipal government specifically exempted by statute ( La. R.S. 33:1391 ) from the unified City-Parish government of Lafayette. The City of Carencro had enacted a municipal ordinance regulating the same behavior as the parish ordinance. The court, after considering constitutional provisions ( La. Const. Article VI, Sections 20 and 44 ), as well as La. R.S. 33:1324 and 33:361, and Attorney General opinions, concluded that "the powers of the parishes, municipalities, and other political subdivisions of the state are otherwise separate unless there is an agreement to act jointly or in cooperation with another subdivision." Meche , 724 So.2d at 852. The court found no such agreement existed in that case. Further, the court found that no statute gave concurrent exercise of the police power to the parish and municipalities, other than La. R.S. 33:1324. The court held that because the City-Parish government of Lafayette excluded the municipality of Carencro, it had no authority to exercise its legislative powers within the territory of Carencro, and thus had no authority to prosecute charges alleging the violation of its City-Parish ordinances arising within the municipality of Carencro, absent an agreement between the two political subdivisions. The court further held that "it is not necessary that a conflict exist between parish and municipal ordinances in order for the parish to be denied jurisdiction within an incorporated municipality; a parish simply cannot enforce its ordinances upon the citizens of an incorporated municipality." Id. at 851.
While Meche is pertinent, it is not wholly on point with the facts in the present matter. In the present case, at issue is the enforcement of a parish civil ordinance within the territorial boundaries of the Cities where the record evidences no explicit agreement between the Parish (and the School Board and/or the Sheriff's Office) to cooperatively enforce the Ordinance. In Meche, however, both the Lafayette unified government and Carencro had similar ordinances prohibiting the same conduct. Here, this record is devoid of any examination of whether any or all of the Cities may have enacted concurrent school bus ordinances, and whether the existence or nonexistence of concurrent ordinances might be an issue of material fact to be considered by the trial court in its analysis.
Also dissimilar to the facts in Meche , and perhaps pertinent to a complete analysis of the matter at issue, is the fact that the School Board has parish-wide jurisdiction over public schools located throughout the parish, and that none of the Cities operates schools independently of the Parish. The record is also devoid of any information regarding the contractual relationships, if any, between the School Board and the buses that transport the students parish-wide, and whether such relationships impact the issue of permissions to enforce the Ordinance within the Cities. We find that the single respective responses to the requests for admissions concerning each of the Cities, in light of these considerations, is inadequate by themselves to conclusively find that the Cities did not give permission to appellants to enforce the Ordinance within their geographical boundaries. At issue also is whether the Cities tacitly or implicitly gave appellants permission to enforce the Ordinance within their geographical boundaries.
Considering the foregoing, we find that plaintiffs/appellees, as movers for partial summary judgment, did not carry their burden of showing that there are no genuine issues of material fact outstanding, and thus we find that they are not entitled to summary judgment as a matter of law at this time. Accordingly, the partial summary judgment that was granted in favor of plaintiffs/appellees is reversed and the matter remanded for further proceedings.
In light of our reversal in favor of appellants of the trial court's grant of partial summary judgment and our remand of the matter for further proceedings, we pretermit review and discussion of appellants' remaining arguments.
ISSUES RAISED IN APPELLEES' BRIEF
Finally, we note that in brief, appellees contend that the trial court erred when it denied that portion of the motion for partial summary judgment seeking immediate return of the fees and fines they paid to the plaintiffs. Appellees have neither filed their own appeal nor answered the School Board and ONGO's appeal as per La. C.C.P. art. 2133, and thus are precluded from seeking modification or reversal of the judgment on appeal. See Trosclair v. Becnel , 14-676 (La. App. 5 Cir. 9/9/14), 150 So.3d 324, 328. In any event, as this Court herein reverses the trial court's April 3, 2018 grant of partial summary judgment in favor of plaintiffs, this issue is now moot on appeal.
CONCLUSION
For the foregoing reasons, we reverse the trial court's April 3, 2018 grant of partial summary judgment in favor of plaintiffs and remand for further proceedings.
JUDGMENT GRANTING SUMMARY JUDGMENT REVERSED; MATTER REMANDED

The appellate record was designated by appellant, the School Board. The only petition contained in the designated record is the original petition filed in 2012, naming only the Parish of Jefferson as a defendant. The designated record does not evidence a supplemental petition adding appellants as defendants. As gleaned from the designated record and briefs in this matter, defendant/appellant ONGO appears to be the third-party administrator of the SBSEP program hired by the School Board.
According to the pleadings and the designated record, at some point in the proceedings, class certification was granted, but that proceeding is not contained in this designated record.

The designated record does not contain a transcript of the hearing on the motion for partial summary judgment.

The designated record suggests that the class is pursuing those claims in other venues.

Appellants attached a copy of the judgment to their brief, but failed to attach a copy of the trial court's Reasons for Judgment, in violation of URCA, Rule 2-12.4(B)(1). Appellees, however, attached to their brief the written Reasons for Judgment in accordance with URCA, Rule 2-12.5(8).

The record fails to evidence whether appellants served upon appellees, with their notice of designation, a concise statement of the points on which they intended to rely, as per La. C.C.P. art. 2129.

Thus, appellants appealed the April 3, 2018 judgment prior to it being certified as final and immediately appealable. However, the subsequent certification of the judgment as final and immediately appealable cured the appeal's prematurity. See Regions Bank v. Questar Expl. & Prod. Corp. , 50,211 (La. App. 2 Cir. 1/13/16), 184 So.3d 260, 263, citing Overmier v. Traylor , 475 So.2d 1094 (La. 1985).

The designated record shows that defendant the Sheriff's Office also opposed the motion for partial summary judgment, asserting that the Sheriff's Office was immune from liability for enforcing the SBSEP as written, and that in fact, the Sheriff's Office is authorized by law to enforce the SBSEP ordinance, and finally that plaintiffs were not entitled to relief because plaintiffs admitted that they were in violation of the SBSEP ordinance as well as state law. However, the Sheriff's Office is not an appellant herein.

Appellants argue that Meche does not support plaintiffs' position that the Ordinance is unconstitutional. However, the constitutionality of the Ordinance was not before the trial court in the motion for partial summary judgment.

Because the appellate record fails to contain a transcript of the hearing on the motion for partial summary judgment, this Court must surmise that the trial court accepted arguments made by the plaintiffs in the motion for partial summary judgment, and that no party objected to the evidence submitted by any other party for the purposes of the motion for partial summary judgment.

The Cities' home rule charters are not included in this designated record.